1 | WINSTON & STRAWN LLP
Andrew P. Bridges (SBN: 122761)
2 | Jennifer A. Golinveaux (SBN: 203056)
Joseph M. Morris (SBN: 245000)
3 | 101 California Street, Suite 3900
San Francisco, CA 94111-5894
4 | Telephone:   415-591-1000
Facsimile:   415-591-1400
5 | abridges@winston.com
jgolinveaux@winston.com
6 | jmmorris@winston.com

7 | Attorneys for Plaintiff
BARE ESCENTUALS BEAUTY, INC.
8 |





9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11 |

12 | BARE ESCENTUALS BEAUTY, INC., a
Delaware corporation,

Case No. **07 — 1669**

13 |

**COMPLAINT FOR FALSE
ADVERTISING, TRADEMARK
INFRINGEMENT, AND UNLAWFUL
BUSINESS PRACTICES**

14 | Plaintiff,

15 | vs.

**DEMAND FOR JURY TRIAL**

16 | L'ORÉAL USA, INC., a Delaware corporation,
and L'ORÉAL S.A., a French Société Anonyme

17 | Defendants.

18 |

19 | ### INTRODUCTION

20 |       1.      This action for false advertising, trademark infringement, trade name infringement,

21 | trademark dilution, and unfair competition arises from the deceptive advertising practices of the

22 | Defendants and the marketing and sale of cosmetic products by Defendants that simulate Plaintiff's

23 | name, Plaintiff's brands, and Plaintiff's products in a deliberate effort to trade on Plaintiff's

24 | paramount reputation and goodwill in the field of mineral-based foundation cosmetic products.  In

25 | sum, Defendants, part of a global cosmetics empire, have intentionally targeted the much smaller,

26 | but prominent and enormously successful, Bare Escentuals and its leading mineral-based foundation

27 | with deliberately false and confusing advertising in order to mislead consumers and strip market

28 |

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5894*

SF:156869.4

1  share in the product segment from Bare Escentuals.  To do so, Defendants launched a rival product

2  with a name, BARE NATURALE, which was designed to mimic Bare Escentuals' BARE

3  ESCENTUALS and BARE MINERALS names and marks.  They also launched prominent national

4  advertising that misleadingly made claims for Defendants' products that are uniquely attributed to

5  Bare Escentuals in the marketplace.  Thus, Defendants' false advertising compounds the confusion

6  caused by Defendants' use of a confusingly similar brand.

### JURISDICTION AND VENUE; INTRADISTRICT ASSIGNMENT

7

8  2.     This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C.

9  §§1331 and 1338 because it arises under the federal Lanham Act and because the state-law unfair

10  competition claims are joined with related and substantial claims under the federal trademark laws.

11  3.     Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants are

12  corporations residing in this District, because a substantial portion of the events giving rise to the

13  claims for relief stated in this Complaint occurred in this District, and because a substantial part of

14  property that is the subject of this action is located in this District.

15  4.     This action is not subject to divisional assignment because the case arises under

16  intellectual property laws.

### GENERAL ALLEGATIONS

17

18  5.     Plaintiff Bare Escentuals Beauty, Inc. ("Bare Escentuals") is a Delaware corporation

19  with its principal place of business in San Francisco, California.

20  6.     Defendant L'Oréal S.A. is a French corporation (Société Anonyme) with a business

21  address of 14, Rue Royale, Paris 75008, France.

22  7.     Defendant L'Oréal USA, Inc. ("L'Oréal USA") is a Delaware corporation with its

23  principal place of business at 575 Fifth Avenue, New York, New York 10017.  Bare Escentuals

24  believes, and therefore alleges, that L'Oréal USA and L'Oréal S.A. are related companies.  Bare

25  Escentuals believes, and therefore alleges, that L'Oréal S.A. either furnishes BARE NATURALE

26  products to L'Oréal USA for distribution in the United States or licenses and controls L'Oréal

27  USA's use of the BARE NATURALE mark in the United States.  Bare Escentuals believes, and

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

COMPLAINT
DEMAND FOR JURY TRIAL

SF:156869.4

1   therefore alleges, that Defendants act jointly, and as agents for each other, and have a unity of

2   interest with respect to the facts alleged in this Complaint.  Defendants believe, and therefore allege,

3   that Defendants have structured their businesses as part of a maze of wholly- and partially-related

4   companies that thwarts general public understanding or awareness of the relationships but, whatever

5   their formal arrangement, they have as a common purpose the promotion of cosmetic products under

6   the L'Oréal brand in the United States.

7          8.     Bare Escentuals manufactures and distributes high-quality cosmetic products through

8   a variety of channels.  Those channels include high-end third-party retailers such as Sephora,

9   Macy's, Nordstrom's and Ulta; Bare Escentuals' own boutiques, as at Pier 39 and Stonestown

10  Galleria in San Francisco, Oakridge Mall in San Jose, and on Fourth Street in Berkeley; and

11  corresponding websites.

12         9.     Bare Escentuals' products have achieved an extraordinary reputation.  In 2006 Bare

13  Escentuals' products were a leading beauty brand at Sephora stores, and they have been the top

14  beauty brand on QVC since 2001.

15        10.    Bare Escentuals is particularly well known as a pioneer in the development,

16  marketing and sale of mineral-based foundation makeup, which has characteristics superior to those

17  of traditional foundation makeup.

18        11.    Defendants are very familiar with Bare Escentuals and its products and brands.

19  Defendants previously infringed upon Bare Escentuals' mark "i.d." by advertising and distributing

20  their own "COLOR ID" products.  As a consequence, in January 2004, Bare Escentuals sued

21  L'Oréal USA and its Lancôme division to prevent them from using their mark "COLOR ID" which

22  was similar to Bare Escentuals "i.d." mark.  The lawsuit ended in a settlement in which L'Oréal

23  USA agreed to phase out the use of its COLOR ID mark and abandon associated mark registrations

24  and applications.

25        12.    On December 20, 2004, Defendant L'Oréal S.A. filed an application to register the

26  mark BARE NATURALE for foundation makeup with the U.S. Patent and Trademark Office based

27  upon its intent to use the mark in the future, either directly or through a related company.  Bare

28

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

SF:156869.4

1   Escentuals believes, and therefore alleges, that at the time of filing the intent-to-use application

2   Defendants had not used the BARE NATURALE mark. Bare Escentuals timely filed a Notice of

3   Opposition to that application, and the opposition proceeding is currently pending before the

4   Trademark Trial and Appeal Board.

5       13.     Defendants recently have begun advertising and distributing their new BARE

6   NATURALE mineral-based foundation. They distribute their BARE NATURALE product in retail

7   stores, including Ulta, and via web-based retailers. Defendants intend their BARE NATURALE

8   mineral-based foundation to compete with Bare Escentuals' mineral-based foundation, and the

9   parties are in active competition with each other with respect to mineral-based foundations.

10      14.     Defendants know well Bare Escentuals' use of BARE-related marks in connection

11  with its mineral-based cosmetics. Defendants are aware of Bare Escentuals' BARE ESCENTUALS

12  and BAREMINERALS brands. Bare Escentuals believes and therefore alleges that, before

13  introducing their BARE NATURALE products, either or both of the Defendants obtained or sought

14  searches of trademarks in the United States that disclosed Bare Escentuals' marks as relevant

15  citations.

16      15.     Defendants intended to pattern both their mineral-based foundation product and its

17  brand upon Bare Escentuals' mineral-based foundation products and their brands. Bare Escentuals

18  believes, and therefore alleges, that before the adoption of the BARE NATURALE mark for their

19  new mineral-based foundation, Defendants considered a variety of potential brands for their new

20  mineral-based foundation products with varying degrees of similarity to Bare Escentuals' BARE

21  ESCENTUALS and BAREMINERALS marks. Defendants intended to market their new mineral-

22  based foundation products with a brand similar to Bare Escentuals' brands in order to position their

23  products as similar to those of Bare Escentuals.

24      16.     Defendants' BARE NATURALE brand contains the "BARE" element of Bare

25  Escentuals' BARE ESCENTUALS and BAREMINERALS brands. Defendants' BARE

26  NATURALE brand further combines the "RAL" element of Bare Escentuals' BAREMINERALS

27  brand and the U-A vowel sequence of Bare Escentuals' BARE ESCENTUALS brand. Thus

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

4

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

Defendants have created a new brand, for a mineral-based foundation product intended to compete with Bare Escentuals' mineral-based foundations products, which is largely a conflation of Bare Escentuals' two major brands BARE ESCENTUALS and BAREMINERALS for mineral-based foundation products.

17.     Defendants are aware of Bare Escentuals' success in the marketplace of mineral-based foundations.

18.     Defendants are aware of information indicating that Bare Escentuals' mineral-based foundations are 100% preservative-free.

19.     Defendants are aware of information indicating that Bare Escentuals distributes the leading mineral-based foundation products in the United States by dollar sales.

20.     Defendants are aware of information indicating that Bare Escentuals distributes the leading mineral-based foundation products in the United States by market share.

21.     Defendants intend to capture overall market share from Bare Escentuals with respect to mineral-based foundation products.

22.     During the 49th Annual Grammy Awards on February 11, 2007, which had an estimated audience of twenty million viewers, Defendants sponsored a television commercial for their BARE NATURALE mineral-based foundation makeup which contained at least two statements that were materially and literally false, as well as misleading, and which are likely to damage Bare Escentuals.

23.     The first false statement of the commercial was in the voiceover, which states that Defendants' BARE NATURALE is "the only 100 percent preservative-free mineral foundation." ("the Preservative-Free Statement"). This statement is literally false, as many of Bare Escentuals' mineral-based foundation makeup products are also 100% preservative-free.

24.     For approximately one second or less during the voiceover, corresponding to the time the voiceover states the three words "only 100 percent," the commercial displays the statement: "Safe for Sensitive Skin" with a second line beneath it in much smaller print "Foundations in mass

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

market." Exhibit A shows a true and correct copy of a screenshot of this portion of the advertisement.

25.     Taken as a stand-alone message, the written statement  ("Safe for Sensitive Skin Foundations in Mass Market") makes no sense.  Bare Escentuals therefore believes, and therefore alleges, that Defendants intended the statement "Foundations in mass market" as a qualifier or disclaimer to modify the aural Preservative-Free Statement.   Thus, Defendants intended the statement to mean that their BARE NATURALE is "the only 100 percent preservative-free mineral foundation [of] Foundations in [the] mass market."

26.     If such a convoluted interpretation is what L'Oréal intended, it assumes astounding perception and quickness on the part of the viewers.  It is unlikely that many members of the Grammy-Award watching public noticed or absorbed the qualification "Foundations in mass market" at all.  The statement appeared for a short time.  The much larger "SAFE FOR SENSITIVE SKIN" message and Penelope Cruz's face dwarfed the qualification.  For those viewers who saw the qualification "Foundations in mass market" to comprehend it, it would be necessary for them to connect the verbal voiceover with this tiny printed message, even though the printed disclaimer was visible for just a small fraction of the time the aural message was being delivered.  It is also possible that many viewers reasonably thought that the entire printed message was meant to go together but just did not make very much sense.

27.     The qualifier or disclaimer identified above was neither clear nor conspicuous.  The qualifier or disclaimer did not reasonably undo or limit the falsehood and false impression caused by the voiceover of the commercial.

28.     Even assuming that the public was able to register the "mass market" caveat and associate it to the Preservative-Free Statement, the statement is still literally false, since Bare Escentuals also sells 100 percent preservative-free mineral foundation through mass distribution in channels such as Macy's and Nordstrom's as noted above.

29.     Furthermore, the meaning of "mass market" would not be clear to consumers and is also misleading.  Although presumably L'Oréal intended the caveat to exclude Bare Escentuals from

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

6

its claims, many consumers would consider Bare Escentuals to be in the mass market. As a result, they could conclude that L'Oréal was claiming that Bare Escentuals's products contain preservatives, which is untrue and disparaging to Bare Escentuals and its marks.

30.     The second false or misleading statement appears in writing on the screen during the commercial and also involves a cryptic, incoherent caveat. The commercial displays a large written claim: "THE #1 MINERAL MAKEUP" with a second line in much smaller print: "*Based on Nielsen's Dollar sales of mineral makeups at mass." Exhibit B shows a true and correct copy of a screenshot of this portion of the advertisement.

31.     The very fact that Defendants choose an obscure metric such as "dollar sales of mineral makeups at mass," without an accurate and clear meaning to consumers, underscores the misleading character of the claim. A reasonable viewer of the Advertisement would be led, falsely, to conclude that Bare Naturale is "THE #1 MINERAL MAKEUP" by some legitimate and meaningful measurement.

32.     Indeed, Bare Escentuals believes, and therefore alleges, that consumers think of Bare Escentuals' products as the leading mineral-based makeup and as providing 100% preservative-free mineral makeup. Thus, to the extent consumers perceive Defendants' false advertising claims, the consumers may be confused and associate those claims with Bare Escentuals as well as Defendants.

33.     Defendants further use BARE NATURALE on mineral-based foundation makeup in a way likely to cause confusion, mistake, or deception as to the origin, sponsorship, or affiliation of their goods in a way that damages Bare Escentuals and infringes upon several of Bare Escentuals' trademarks.

34.     Bare Escentuals owns and uses a family of marks based upon the core term "BARE." These marks include, but are not limited to, the trade name and house mark BARE ESCENTUALS, as well as the marks BAREMINERALS, BARE RADIANCE, BARE VITAMINS, BARELAVENDER, I.D. | BAREMINERALS, and BARE YOUR SOLE (collectively, "BARE Marks").

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

7

SF:156869.4

1      35.     Bare Escentuals has developed strong common-law rights in the BARE

2  ESCENTUALS house brand and trademark for a variety of cosmetic products as well as for retail

3  store services in the field of body care products.

4      36.     Bare Escentuals owns a federal registration for the word mark BARE ESCENTUALS

5  (without regard to the script in which it is presented), Reg. No. 1,539,966, dated May 23, 1989, for

6  the following goods:

> Cosmetic skin creams, lotions, and gels, perfumes, essential oils used as
> cosmetics, body lotions, creams and gels, bath lotions, hair shampoos and hair
> conditioners, colognes and toilet waters, and cosmetic powders for the skin
> and eyes.

10  This registration is valid, enforceable, and incontestable under section 15 of the Lanham Act, 15

11  U.S.C. §1065.  Exhibit C is a true and correct copy of the registration certificate.

12      37.     Bare Escentuals also owns a federal registration for the word mark BARE

13  ESCENTUALS in its characteristic script, Registration No. 3,037,101 dated January 3, 2006, for the

14  following goods:

> Cosmetic skin creams, lotions, and gels, perfumes, essential oils used as
> cosmetics, body lotions, creams and gels, bath lotions, hair shampoos and hair
> conditioners, colognes and toilet waters, and cosmetic powders for the skin and
> eyes.

17  This registration is valid, enforceable, and incontestable under section 15 of the Lanham Act, 15

18  U.S.C. §1065.  Exhibit D is a true and correct copy of the registration certificate.

19      38.     Bare Escentuals and its predecessors in interest have used the BARE ESCENTUALS

20  mark continuously since at least as early as 1976.  The mark has achieved widespread fame.

21      39.     Bare Escentuals and its predecessors in interest have used the BAREMINERALS

22  mark continuously since at least as early as 1993 and has developed strong common-law rights in

23  that brand.  The mark has achieved widespread fame.  Bare Escentuals has obtained a federal

24  registration for BAREMINERALS, Registration No. 2,321,607, dated February 22, 2000, for the

25  following goods:

> Cosmetic skin creams, lotions and gels, perfumes, essential oils used as
> cosmetics, body lotions, creams and gels, bath lotions, hair shampoos and hair

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

8

conditioners, colognes and toilet waters, and cosmetic powders for the skin
and eyes.

This registration is valid, enforceable, and incontestable under section 15 of the Lanham Act, 15 U.S.C. §1065. Exhibit E is a true and correct copy of the registration certificate.

40.     Bare Escentuals has used its composite I.D. | BAREMINERALS mark since at least as early as December 31, 1995 in connection with a wide variety of cosmetics, makeup, and skin care products and has valid common-law rights in the mark.

41.     Bare Escentuals has also used the mark BAREVITAMINS since at least as early as May 2006 in connection with cosmetics and holds Registrations Nos. 3,003,497 and 3,003,507, dated October 4, 2005, for plain and stylized versions of the mark. These marks are valid and enforceable. Exhibits F and G are a true and correct copies of the registration certificate.

42.     Bare Escentuals has used its BARE RADIANCE mark since at least January 2006 in connection with a wide variety of cosmetics, makeup, and skin care products and has valid common-law rights in the mark.

43.     Bare Escentuals has used its BARELAVENDER mark in connection with a wide variety of cosmetics, makeup, and skin care products. Bare Escentuals owns Registration No. 2,972,323, dated July 19, 2005, for the mark BARELAVENDER for the following goods:

> Cosmetic skin creams, lotions and gels, perfumes, essential oils used as
> cosmetics, body lotions, creams and gels, bath lotions, hair shampoos and hair
> conditioners, colognes and toilet waters, and cosmetic powders for the skin and
> eyes.

Exhibit H is a true and correct copy of the registration certificate.

44.     Bare Escentuals has common-law rights in all of these marks. For those marks which are registered, ownership of the federal registrations confers upon Bare Escentuals a presumption of validity of the marks and of exclusive rights to use the marks in commerce with respect to the goods and services indicated in the registrations.

45.     Bare Escentuals frequently markets its products with combinations of its brands. For example, it markets some products with both BARE ESCENTUALS and BAREMINERALS.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

9

SF:156869.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

46.     The word BARE, particularly as the first word in a product name, is central to the branding of Bare Escentuals products. Consumers can identify makeup and body products with names beginning in BARE as part of the Bare Escentuals family of brands, as originating with Bare Escentuals and as having the high quality for which Bare Escentuals' products are known.

47.     Defendants have been aware of Bare Escentuals and Bare Escentuals' position as a market leader in cosmetics and mineral based foundation makeup. L'Oréal is and has been aware of consumers' strong association of the BARE Marks with Bare Escentuals' products.

48.     Defendants use BARE NATURALE on mineral-based foundation makeup in such a way as is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or affiliation of their goods in a way that damages Bare Escentuals and infringes upon several of Bare Escentuals' trademarks.

49.     In addition to using BARE NATURALE as their product name, Defendants have also chosen fonts for their product that appear to be in conscious imitation of the stylized version of BARE ESCENTUALS. Bare Escentuals' federal registration for the stylized version of BARE ESCENTUALS displays the mark with wide-spaced, all capital letters with the first letters of each word larger than the rest; Defendants' BARE NATURALE mark is also rendered with wide spaced, all capital letters with the first letters of each word larger than the rest.

50.     Because of Defendants' previous legal and business interactions with Bare Escentuals and Defendants' position as a large maker and retailer of cosmetics, Defendants had full knowledge of Bare Escentuals as a company and as a brand; of Bare Escentuals' market share; and the names, packaging, design, and preservative-free nature of Bare Escentuals' products. As a consequence, Defendants' conduct is willful and malicious. This is an "exceptional" case within the meaning of section 35 of the Lanham Act, 15 U.S.C. §1117.

51.     Defendants' conduct described above has injured Bare Escentuals in its business and property and threatens to continue to injure Bare Escentuals unless enjoined by this Court. Bare Escentuals believes, and therefore alleges, that Defendants' conduct has also deprived Bare Escentuals of money that rightfully belongs to it.

COMPLAINT
DEMAND FOR JURY TRIAL

SF:156869.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## FIRST CAUSE OF ACTION
### False Advertising
### Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B)

52.     Bare Escentuals incorporates by reference and realleges paragraphs 1 through 51 above.

53.     Defendants, in connection with their commercial advertising and promotion, have misrepresented and continue to misrepresent the nature, characteristics, and qualities of the goods and commercial activities of both Defendants and Bare Escentuals.  As a consequence of Defendants' misconduct, Bare Escentuals is entitled to relief as set forth below.

## SECOND CAUSE OF ACTION
### Infringement of Federally Registered Trademarks
### (Lanham Act § 32, 15 U.S.C. § 1114)

54.     Bare Escentuals incorporates by reference and realleges paragraphs 1 through 53 above.

55.     Defendants have, through the conduct described above, infringed upon Bare Escentuals' federally registered trademarks identified above.  As a consequence of Defendants' infringements, Bare Escentuals is entitled to relief as set forth below.

## THIRD CAUSE OF ACTION
### Violation of Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)

56.     Bare Escentuals incorporates by reference and realleges paragraphs 1 through 55 above.

57.     Defendants, through the conduct described above, in connection with goods and containers for goods, have used and continue to use words, names, terms, marks, symbols, devices, false designations of origin, false and misleading descriptions, and representations of facts which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Bare Escentuals, or as to the origin, sponsorship, or approval of Defendants' goods or commercial activities by Bare Escentuals.  As a consequence of Defendants' misconduct, Bare Escentuals is entitled to relief as set forth below.

11

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**FOURTH CAUSE OF ACTION**
**Unlawful Business Practices and False Advertising**
**(California Business & Professions Code Sections 17200 and 17500)**

58.   Bare Escentuals incorporates by reference and realleges paragraphs 1 through 57 above.

59.   Defendants, through the conduct and violations described above, have engaged in, engage in, and propose to engage in unlawful business practices and false advertising in violation of California Business and Professions Code §§ 17200 and 17500.  As a consequence of Defendants' violations, Bare Escentuals is entitled to relief as set forth below.

**FIFTH CAUSE OF ACTION**
**Trade Name Infringement under California Law**
**(California Business & Professions Code Sections 14402 and 14415)**

60.   Bare Escentuals incorporates by reference and realleges paragraphs 1 through 59 above.

61.   By virtue of Bare Escentuals' Certificate of Incorporation obtained before Defendants' adoption of BARE NATURALE, Bare Escentuals has the exclusive right to use BARE ESCENTUALS as a trade name, as well as any confusingly similar trade name.

62.   Defendants, through the conduct and violations described above, have engaged in, engage in, and propose to engage in infringement of Bare Escentuals' trade name in violation of California Business and Professions Code §§ 14402 and 14415.  As a consequence of Defendants' violations, Bare Escentuals is entitled to relief as set forth below.

**SIXTH CAUSE OF ACTION**
**Trademark Infringement Under California Law**
**(California Business & Professions Code Section 14335)**

63.   Bare Escentuals incorporates by reference and realleges paragraphs 1 through 62 above.

64.   Defendants, through the conduct and violations described above, have engaged in, engage in, and propose to engage in infringement of Bare Escentuals' federally registered

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

SF:156869.4

1    trademarks in violation of California Business and Professions Code § 14335.  As a consequence of

2    Defendants' violations, Bare Escentuals is entitled to relief as set forth below.

3                                **SEVENTH CAUSE OF ACTION**
                              **Trademark Dilution Under Federal Law**
4                      **(Lanham Act Section 43(c), 15 U.S.C. § 1125 (c))**

5        65.    Bare Escentuals incorporates by reference and realleges paragraphs 1 through 64

6    above.

7        66.    Defendants have introduced their BARE NATURALE mark on their products into

8    interstate commerce, after BARE ESCENTUALS, BAREMINERALS, and the family of BARE

9    Marks became distinctive and famous.

10       67.    Defendants, through the conduct and violations described above, are likely to dilute

11   the distinctive quality of the famous and distinctive BARE ESCENTUALS trade name and trade

12   mark, as well as the other famous and distinctive BARE Marks, and make such marks less able to

13   identify and distinguish goods and services.  Defendants are also likely to injure the business

14   reputation of Bare Escentuals with respect to those names and marks.  Defendants have intended to

15   violate Bare Escentuals' rights under the Lanham Act.  As a consequence of Defendants' violations,

16   Bare Escentuals is entitled to relief as set forth below.

17

18                                **EIGHTH CAUSE OF ACTION**
                              **Trademark Dilution Under California Law**
19                   **(California Business & Professions Code Section 14330)**

20       68.    Bare Escentuals incorporates by reference and realleges paragraphs 1 through 67

21   above.

22       69.    Defendants, through the conduct and violations described above, are likely to dilute

23   the distinctive quality of the BARE ESCENTUALS trade name and trade mark, as well as the other

24   BARE Marks.  Defendants are also likely to injure the business reputation of Bare Escentuals with

25   respect to those names and marks.  As a consequence of Defendants' violations, Bare Escentuals is

26   entitled to relief as set forth below.

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

13

SF:156869.4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

## NINTH CAUSE OF ACTION
### Trademark Infringement And Unfair Competition Under California Common Law

70.     Bare Escentuals incorporates by reference and realleges paragraphs 1 through 69 above.

71.     Defendants, through the conduct and violations described above, have engaged in trademark infringement and unfair competition against Bare Escentuals under the common law.  As a consequence of Defendants' violations, Bare Escentuals is entitled to relief as set forth below.

## TENTH CAUSE OF ACTION
### Declaratory Relief and Rectification Of Trademark Register

72.     Bare Escentuals incorporates by reference and realleges paragraphs 1 through 71 above.

73.     Defendant L'Oréal S.A. has applied to register BARE NATURALE as a trademark with the United States Patent and Trademark Office, application no. 76/625,267, for "foundation makeup." Defendant L'Oréal S.A. filed the application on December 20, 2004.

74.     L'Oréal S.A.'s BARE NATURALE mark so resembles Bare Escentuals' BARE Marks registered in the Patent and Trademark Office, as to be likely, when used on or in connection with the goods of the Defendants, to cause confusion, or to cause mistake, or to deceive.

75.     Bare Escentuals will suffer injury if L'Oréal S.A. obtains registration of its infringing marks.  There is a real and substantial controversy arising from Defendants' use of, and application for registration of, BARE NATURALE, entitling Bare Escentuals to a declaration that Defendants are not entitled to registration of the BARE NATURALE marks and to an order directing the Director of the Patent and Trademark Office to refuse to register the marks and otherwise to rectify the register.  Bare Escentuals is entitled to relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Bare Escentuals prays that the Court enter judgment as follows:

A.     Preliminarily and permanently enjoining Defendants, and all persons in active concert or participation with them,

- from use of names or marks confusingly similar to those of Bare Escentuals;

SF:156869.4

- from false, misleading, or confusing advertising relating to Defendants and Bare Escentuals' respective makeup;
- from acts that dilute the marks or otherwise tarnish the reputation of Bare Escentuals;
- from representing by any means whatsoever, directly or indirectly, that Defendants and their products are associated in any way with Bare Escentuals or its products or services, and from otherwise taking any other action likely to cause confusion, mistake, or deception on the part of consumers;
- from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers to believe that Defendants' products or services come from or are the products of Bare Escentuals, or are somehow sponsored by or associated with Bare Escentuals; and
- from otherwise unfairly competing with Bare Escentuals or misappropriating Bare Escentuals' reputation and goodwill;

B.    Ordering Defendants to deliver up for destruction all commercials, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other articles bearing the infringing marks, and all plates, molds, matrices, or other means of making them that are in its possession or under its control;

C.    Awarding Bare Escentuals its actual damages and Defendants' unjust and unlawful profits arising from Defendants' misconduct;

D.    Ordering restitution to Bare Escentuals of Defendants' unjust enrichment and unlawful gains to the detriment of Bare Escentuals;

E.    Awarding Bare Escentuals additional damages and profits of three times the actual damages and profits, together with attorneys' fees;

F.    Awarding Bare Escentuals exemplary damages in an amount to be determined in the enlightened conscience of the jury;

15

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

SF:156869.4

1    G.    Declaring that Defendant L'Oréal S.A. is not entitled to federal registration of

2  the mark BARE NATURALE pursuant to its pending application and ordering the Director of the

3  United States Patent and Trademark Office to refuse registration or otherwise to rectify the register

4  with respect to the applications;

5    H.    Awarding Bare Escentuals costs of suit; and

6    I.    Granting such other relief as the Court may determine just and equitable.

## DEMAND FOR JURY TRIAL

Bare Escentuals demands trial by jury of all issues triable by a jury.

Dated:  March 22, 2007                    WINSTON & STRAWN LLP

                                          By: _Andrew P. Bridges_
                                          Andrew P. Bridges
                                          Jennifer A. Golinveaux
                                          Joseph M. Morris

                                          Attorneys for Plaintiff
                                          BARE ESCENTUALS BEAUTY, INC.

SF:156869.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

16

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

SF:156869.4

# EXHIBIT A



SAFE FOR
SENSITIVE SKIN
Foundations in mass market

# **EXHIBIT B**



# BARE
# NATURALE



# THE #1
# MINERAL MAKEUP

Based on Nielsen's Dollar sales of mineral makeups at mass

# **EXHIBIT C**

Int. Cl.: 3

Prior U.S. Cls.: 51 and 52

Reg. No. 1,539,966

## United States Patent and Trademark Office    Registered May 23, 1989

## TRADEMARK
### PRINCIPAL REGISTER

### BARE ESCENTUALS

BARE ESCENTUALS, INC. (CALIFORNIA COR-
    PORATION)
809 UNIVERSITY AVENUE
LOS GATOS, CA 95030

FOR: COSMETIC SKIN CREAMS, LOTIONS
AND GELS, PERFUMES, ESSENTIAL OILS
USED AS COSMETICS, BODY LOTIONS,
CREAMS AND GELS, BATH LOTIONS, HAIR
SHAMPOOS AND HAIR CONDITIONERS, CO-
LOGNES AND TOILET WATERS, AND COS-
METIC POWDERS FOR THE SKIN AND EYES,
IN CLASS 3 (U.S. CLS. 51 AND 52).

FIRST USE 0–0–1978; IN COMMERCE
0–0–1978.

OWNER OF U.S. REG. NO. 1,243,255.

SER. NO. 720,085, FILED 4–1–1988.

RICHARD A. STRASER, EXAMINING ATTOR-
NEY

# **EXHIBIT D**

Int. Cls.: 3 and 42

Prior U.S. Cls.: 1, 4, 6, 50, 51, 52, 100 and 101

Reg. No. 3,037,101

## United States Patent and Trademark Office

Registered Jan. 3, 2006

### TRADEMARK
### SERVICE MARK
#### PRINCIPAL REGISTER

# B A R E   E S C E N T U A L S

BARE ESCENTUALS, INC. (CALIFORNIA COR-
  PORATION)
71 STEVENSON ST 22ND FL
SAN FRANCISCO, CA 94105

FOR: COSMETIC SKIN CREAMS, LOTIONS AND
GELS, PERFUMES, ESSENTIAL OILS USED AS
COSMETICS, BODY LOTIONS, CREAMS AND
GELS, BATH LOTIONS, HAIR SHAMPOOS AND
HAIR CONDITIONERS, COLOGNES AND TOILET
WATERS, AND COSMETIC POWDERS FOR THE
SKIN AND EYES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 2-0-2001; IN COMMERCE 2-0-2001.

FOR: RETAIL STORE SERVICES AND MAIL
ORDER SERVICES IN THE FIELD OF BODY CARE
PRODUCTS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 2-0-2001; IN COMMERCE 2-0-2001.

SER. NO. 76-527,462, FILED 7-3-2003.

LESLEY LAMOTHE, EXAMINING ATTORNEY

# EXHIBIT E

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,321,607

Registered Feb. 22, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## BAREMINERALS

DOLPHIN ACQUISITION CORPORATION (CALIFORNIA CORPORATION)
600 TOWNSEND STREET, SUITE 329E
SAN FRANCISCO, CA 94103

FOR: COSMETIC SKIN CREAMS, LOTIONS AND GELS, PERFUMES, ESSENTIAL OILS USED AS COSMETICS, BODY LOTIONS, CREAMS AND GELS, BATH LOTIONS, HAIR SHAMPOOS AND HAIR CONDITIONERS, CO-LOGNES AND TOILET WATERS, AND COS-METIC POWDERS FOR THE SKIN AND EYES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 4-0-1993; IN COMMERCE 4-0-1993.

SER. NO. 75-655,198, FILED 3-8-1999.

LINDA MICKLEBURGH, EXAMINING ATTOR-NEY

# **<u>EXHIBIT F</u>**

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

Reg. No. 3,003,497

## United States Patent and Trademark Office

Registered Oct. 4, 2005

## TRADEMARK
### PRINCIPAL REGISTER

# BAREVITAMINS

BARE ESCENTUALS, INC. (CALIFORNIA COR-
    PORATION)
425 BUSH STREET, 3RD FLOOR
SAN FRANCISCO, CA 94108

FOR: COSMETIC SKIN CREAMS, LOTIONS AND
GELS, PERFUMES, ESSENTIAL OILS USED AS
COSMETICS, BODY LOTIONS, CREAMS AND
GELS, BATH LOTIONS, HAIR SHAMPOOS AND
HAIR CONDITIONERS, COLOGNES AND TOILET
WATERS; COSMETICS, NAMELY, MASCARA, EYE
SHADOW AND COSMETIC POWDERS FOR THE
SKIN AND EYES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 5-0-1996; IN COMMERCE 5-0-1996.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 76-610,056, FILED 9-3-2004.

NORA BUCHANAN WILL, EXAMINING ATTOR-
    NEY

Exhibit G

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

Reg. No. 3,003,507

## United States Patent and Trademark Office

Registered Oct. 4, 2005

### TRADEMARK
### PRINCIPAL REGISTER

# bareVitamins

BARE ESCENTUALS, INC. (CALIFORNIA COR-
PORATION)
425 BUSH STREET, 3RD FLOOR
SAN FRANCISCO, CA 94108

FOR: COSMETIC SKIN CREAMS, LOTIONS AND
GELS, PERFUMES, ESSENTIAL OILS USED AS
COSMETICS, BODY LOTIONS, CREAMS AND
GELS, BATH LOTIONS, HAIR SHAMPOOS AND
HAIR CONDITIONERS, COLOGNES AND TOILET
WATERS; COSMETICS, NAMELY, MASCARA, EYE

SHADOW AND COSMETIC POWDERS FOR THE
SKIN AND EYES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51
AND 52).

FIRST USE 5-0-1996; IN COMMERCE 5-0-1996.

SER. NO. 76-615,350, FILED 10-6-2004.

NORA BUCHANAN WILL, EXAMINING ATTOR-
NEY

Exhibit H

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51, and 52

**Reg. No. 2,972,323**

## United States Patent and Trademark Office

Registered July 19, 2005

## TRADEMARK
### PRINCIPAL REGISTER

## BARELAVENDER

BARE ESCENTUALS, INC. (CALIFORNIA CORPORATION)
425 BUSH STREET, THIRD FLOOR
SAN FRANCISCO, CA 94108

FOR: COSMETIC SKIN CREAMS, LOTIONS AND GELS, PERFUMES, ESSENTIAL OILS USED AS COSMETICS, BODY LOTIONS, CREAMS AND GELS, BATH LOTIONS, HAIR SHAMPOOS AND HAIR CONDITIONERS, COLOGNES AND TOILET

WATERS, AND COSMETIC POWDERS FOR THE SKIN AND EYES, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 9-0-2001; IN COMMERCE 9-0-2001.

SN 76-555,638, FILED 10-30-2003.

JAMES GRIFFIN, EXAMINING ATTORNEY