1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   ROBERT L. SHERMAN *PRO HAC VICE* (New York Bar No. 1189521)
2  SARA J. CRISAFULLI *PRO HAC VICE* (New York Bar No. 4343976)
   75 East 55th Street
3  New York, NY 10022
   Telephone: (212) 318-6000
4  Facsimile: (212) 319-4090

5  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   MARK E. MCKEEN (Bar No. 130950)
6  SEAN D. UNGER (Bar No. 231694)
   T. LEE KISSMAN (Bar No. 233434)
7  55 Second Street
   Twenty-Fourth Floor
8  San Francisco, CA 94105-3441
   Telephone: (415) 856-7000
9  Facsimile: (415) 856-7100

10 Attorneys for Defendants
   L'ORÉAL USA, INC. and L'ORÉAL S.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARE ESCENTUALS BEAUTY, INC. a Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>L'ORÉAL USA, INC., a Delaware corporation and L'ORÉAL S.A., a French Société Anonyme,<br><br>Defendants. | CASE NO. C-07-1669 MMC<br><br>**L'ORÉAL S.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 5, 2007<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor<br>The Honorable Maxine M. Chesney<br><br>Complaint Filed: March 22, 2007 |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 2

II. BACKGROUND AND RELEVANT FACTS ............................................................... 2

    A. L'Oréal -- A French Company Doing Business In France ................................. 2

    B. LUSA -- A U.S. Company With Business Autonomy ........................................ 3

    C. "BARE" Is A Commonly Used Term With Cosmetics ...................................... 3

    D. LUSA Developed The BARE NATURALE Mark And Associated Advertising ............... 3

III. LEGAL ANALYSIS ....................................................................................................... 4

    A. Legal Standard For Personal Jurisdiction ............................................................ 4

    B. L'Oréal Is Not Subject To General Jurisdiction .................................................. 5

    C. L'Oréal Is Not Subject To Specific Jurisdiction .................................................. 6

        1. L'Oréal Has Not Purposefully Availed Itself of the Privileges of the Forum or Purposefully Directed Its Conduct Toward the Forum ....................................... 7

        2. The Activities that Give Rise to this Complaint Are LUSA's Activities ........... 8

        3. The Exercise of Jurisdiction Over L'Oréal Would Not Be Reasonable ............. 9

IV. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

*AT&T v. Compagnie Bruxelles Lambert,*
  94 F.3d 586 (9th Cir. 1996)..................................................................... 4, 5, 6, 7, 8

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.,*
  1 F.3d 848 (9th Cir. 1993).............................................................................. 5, 10, 11

*Bancroft & Masters, Inc. v. Augusta National, Inc.,*
  223 F.3d 1082 (9th Cir. 2000)................................................................................ 5

*Cardwell v. Investor's Analysis, Inc.,*
  620 F. Supp. 1395 (D. D.C. 1985) ..................................................................... 8, 9

*Cybersell, Inc. v. Cybersell, Inc.,*
  130 F.3d 414 (9th Cir. 1997)................................................................................ 8

*Doe v. Unocal Corp.,*
  248 F.3d 915 (9th Cir. 2001).................................................................... 4, 5, 7, 8, 9

*E. & J. Gallo Winery v. Candelmo,*
  192 U.S.P.Q. 210 (D. D.C. 1976) ..................................................................... 8, 9

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain, Co.,*
  284 F.3d 1114 (9th Cir. 2002)............................................................................. 4

*Helicopteros Nacionales de Colombia, S. A. v. Hall,*
  466 U.S. 408 (1984)........................................................................................... 5, 6

*International Shoe Co. v. State of Washington,*
  326 U.S. 310 (1945)........................................................................................... 4

*Pebble Beach Co. v. Michael Caddy,*
  453 F.3d 1151 (9th Cir. 2006)............................................................................. 4, 7

*Rano v. Sipa Press, Inc.,*
  987 F.2d 580 (9th Cir. 1993)............................................................................... 10

*Schwarzenegger v. Fred Martin Motor Co.,*
  374 F.3d 797 (9th Cir. 2004)............................................................................... 5, 7

## STATUTES

Federal Rule of Civil Procedure 4(f)................................................................................. 2, 3

Federal Rule of Civil Procedure 12(b)(2) ......................................................................... 1, 2

California Civil Procedure § 410.10 ................................................................................. 4

LEGAL_US_E # 75794037.9

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF BARE ESCENTUALS BEAUTY, INC. AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on October 5, 2007, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant L'Oréal S.A. ("L'Oréal") will and hereby does move for an order dismissing all claims brought by Plaintiff Bare Escentuals Beauty, Inc. against L'Oréal for lack of personal jurisdiction. L'Oréal lacks sufficient contacts with the forum such that the exercise of personal jurisdiction in this case would violate the notions of fair play and substantial justice. This Motion seeks an order dismissing L'Oréal from the present action.

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2), and is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in Support of L'Oréal's Motion to Dismiss, the concurrently-filed Declarations of José Monteiro, Roy Rabinowitz, Anne Talley and Delphine Viguier in Support of L'Oréal's Motion to Dismiss, the pleadings and records on file with the Court in this case, and such further argument and other matters as may be presented at or before the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Defendant L'Oréal S.A. ("L'Oréal"), a French société anonyme, does not do business in the United States, has no presence in the United States, and did not develop the trademark or the advertising at issue in this case. This case arises out of a single TV commercial, aired one time only in February 2007, and developed by defendant -- L'Oréal USA, Inc. ("LUSA") -- L'Oréal's subsidiary.

Given the complete lack of contacts L'Oréal has with California and the United States, the exercise of personal jurisdiction in this case would violate the notions of "fair play and substantial justice." Accordingly, the Court should dismiss this action as against L'Oréal.

II. **BACKGROUND AND RELEVANT FACTS**

A. **L'Oréal -- A French Company Doing Business In France**

Defendant L'Oréal is a leading producer and marketer of personal care products, including fragrances, cosmetics, hair care, skin care, and related products, with thousands of the world's best known brands in its portfolio. Declaration of José Monteiro, dated Aug. 29, 2007 ("Monteiro Decl.") ¶ 3. L'Oréal is incorporated in France as a société anonyme and is headquartered in Clichy, France. *Id.*

L'Oréal has no physical presence in the United States; it does not own real estate or maintain any offices in the United States. *Id.* ¶ 4. L'Oréal does not employ anyone in the United States. *Id.* L'Oréal does not sell or market to consumers in the United States, is not registered to do business in any state in the United States, and has not designated an agent for service of process in any state in the United States.[1] *Id.* ¶¶ 5, 7. L'Oréal's contacts with the United States consist only of filing trademark applications with the United States Patent & Trademark Office ("USPTO") and stock ownership in U.S. subsidiaries, including defendant

---

[1] L'Oréal has designated Robert L. Sherman, Esq., attorney and partner of the law firm Paul, Hastings, Janofsky & Walker LLP, as its domestic representative agent for certain matters before the USPTO only. Monteiro Decl. ¶ 5. Mr. Sherman is not a general agent for service of process for L'Oréal. *Id.* As Bare Escentuals is aware, to serve process on L'Oréal, a party must proceed under the Hague Convention. Fed. R. Civ. P. 4(f).

Case No. C-07-1669 MMC            2            L'ORÉAL S.A.'S MOTION TO DISMISS

1 | LUSA. *Id.* ¶ 5, 6.

2 | **B.** **LUSA -- A U.S. Company With Business Autonomy**

Defendant LUSA develops and markets products bearing the L'Oréal brands in the United States. Declaration of Roy Rabinowitz ("Rabinowitz Decl."), dated Aug. 30, 2007 ¶ 3. Headquartered in New York, LUSA owns manufacturing, distribution, and research facilities in the United States. *Id.* ¶ 4-5. It has its own marketing, creative, advertising and sales organizations, all of which are located in the United States. *Id.* ¶ 5. LUSA is the exclusive licensee of L'Oréal trademarks. *Id.* ¶ 6. The license agreements between the two companies were negotiated at arms length, with LUSA paying fair value for the use of L'Oréal's marks. *Id.*

LUSA is an autonomous business that develops its own brands and advertising. Declaration of Anne Talley ("Talley Decl."), dated Aug. 30, 2007 ¶ 4. It maintains separate financials, a separate board of directors, separate Web sites, and separate executive managers from its corporate parent. Rabinowitz Decl. ¶ 6; Monteiro Decl. ¶ 8.

**C.** **"BARE" Is A Commonly Used Term With Cosmetics**

On December 20, 2004, L'Oréal applied to register the mark BARE NATURALE in the USPTO. Declaration of Delphine Viguier ("Viguier Decl."), dated Aug. 30, 2007 ¶ 4. Prior to its application, L'Oréal conducted standard due diligence, including a comprehensive search for potentially conflicting trademarks. *Id.* L'Oréal's trademark search revealed that there are dozens of federal trademark registrations and pending and allowed applications containing the word "BARE" used with goods in International Class 3, which covers cosmetics and related goods. Plaintiff Bare Escentuals filed an opposition to the registration of L'Oréal's mark and that opposition proceeding, pending before the Trademark Trial and Appeal Board, has been stayed. Cmplt., ¶ 12.

**D.** **LUSA Developed The BARE NATURALE Mark And Associated Advertising**

In 2005, LUSA launched its BARE NATURALE product line in the United States. Talley Decl. ¶ 3. LUSA's marketing team developed the mark BARE NATURALE as well as the advertising for the BARE NATURALE product line. *Id.* ¶ 4. LUSA's advertising efforts for that product line included a television commercial that aired only *one* time during the Grammy

Awards on February 11, 2007. *Id.*

Nearly two years after LUSA launched its BARE NATURALE product line, and two years after L'Oréal filed its trademark application to register BARE NATURALE, plaintiff Bare Escentuals filed this lawsuit against L'Oréal and LUSA. Talley Decl. ¶ 4; Viguier Decl. ¶ 4. Plaintiff alleges that BARE NATURALE infringes the "family" of Bare Escentuals' BARE-related marks. Cmplt., ¶¶ 33-34. Plaintiff also alleges that the BARE NATURALE television commercial, that aired only one time and has not and will not be aired again, contained false statements. Cmplt., ¶ 22.

## III.   LEGAL ANALYSIS

### A.   Legal Standard For Personal Jurisdiction

It is Bare Escentuals' burden to show that this Court may properly exercise personal jurisdiction over L'Oréal. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) ("[a]s the party seeking to invoke federal jurisdiction, [plaintiff] has the burden of establishing its existence"). Where, as here, no federal statute governs personal jurisdiction, the district court applies the law of the state in which it sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain, Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).

California's "long-arm" statute, in turn, substitutes the federal Due Process analysis as its own test. Cal. Civ. Proc. § 410.10. "Constitutional due process concerns are satisfied when a nonresident defendant has 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)).[2]

Courts may exercise general or specific jurisdiction. A finding of general jurisdiction permits a defendant to be haled into the courts of the forum state for any cause of

---

[2] In the context of a foreign defendant, and pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure, the Court may "look to the aggregate contacts . . . with the United States as a whole instead of a particular state forum[,]" to determine if the exercise of jurisdiction over a foreign defendant comports with the standards of due process. *Pebble Beach Co. v. Michael Caddy*, 453 F.3d 1151, 1158-59 (9th Cir. 2006). Here, L'Oréal's lack of contacts with California and the United States does not support jurisdiction.

Case No. C-07-1669 MMC                          4                L'ORÉAL S.A.'S MOTION TO DISMISS

1  action, even if it is unrelated to the defendant's activities with the forum. *Schwarzenegger v.*
2  *Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Specific jurisdiction permits a court
3  to adjudicate only claims that arise out of the defendant's contact with the forum. *AT&T*, 94 F.3d
4  at 588.

5        Here, L'Oréal does not have sufficient contacts with the United States or
6  California to support the exercise of either general or specific jurisdiction over L'Oréal.

7  **B.    L'Oréal Is Not Subject To General Jurisdiction**

8        To establish general jurisdiction, Bare Escentuals must demonstrate that L'Oréal's
9  contacts with the forum are "substantial, continuous and systematic." *Doe*, 248 F.3d at 923; *see*
10 *also Schwarzenegger*, 374 F.3d at 801 (for general jurisdiction to exist, the defendant's contacts
11 must "'approximate physical presence' in the forum state.") (quoting *Bancroft & Masters, Inc. v.*
12 *Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). "This is an exacting standard, as it
13 should be, because a finding of general jurisdiction permits a defendant to be haled into court in
14 the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374
15 F.3d at 801. The Ninth Circuit has emphasized that it "regularly [] decline[s] to find general
16 jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis*
17 *Navigation Co., Inc.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993); *Schwarzenegger*, 374 F.3d at 797
18 (entering into sales contracts with California choice-of-law provisions, retaining services of
19 California direct-mail marketing company, hiring California consultants, and maintaining Web
20 site available to California residents "fall well short of [] 'continuous and systematic' contacts").

21       Courts consider several factors when determining whether a defendant's contacts
22 are "continuous and systematic," including whether the defendant is incorporated or otherwise
23 authorized to do business in the forum state; whether the defendant maintains offices, property, or
24 employees in the forum state; whether the defendant makes sales or serves the state's markets;
25 and whether the defendant has designated an agent for service of process. *Schwarzenegger*, 374
26 F.3d at 801; *Bancroft v. Augusta Nat'l, Inc.*, 223 F.3d at 1086; *Helicopteros Nacionales de*
27 *Colombia, S. A. v. Hall*, 466 U.S. 408, 416 (1984) (holding that the defendant was not subject to
28 general jurisdiction because the defendant was not licensed to do business in the forum state and

merely purchased equipment and sent executives to the forum state for such purchases).

Here, L'Oréal does not sell or market to consumers in California, or in the United States at all. Monteiro Decl. ¶ 7. L'Oréal is not incorporated or authorized to conduct business in California or in any other state, and has no employees in California or in any other state. Id. ¶ 4, 5. Also, L'Oréal's principal place of business is located in France, and it has no physical presence in the United States. Id. ¶ 4. L'Oréal maintains no offices and owns no real estate in the United States. Id. Further, L'Oréal has not designated an agent for service of process in California or in any other state. Id. ¶ 5. Finally, L'Oréal did not develop the advertising at issue. Viguier Decl. ¶ 3; Talley Decl. ¶ 4. L'Oréal's subsidiary, LUSA, created the advertising. Talley Decl. ¶ 4.

L'Oréal's contacts do not come close to establishing general jurisdiction. They fall well short of the required "substantial, continuous and systematic contacts."[3]

### C. L'Oréal Is Not Subject To Specific Jurisdiction

Just as with general jurisdiction, Bare Escentuals cannot and has not met its burden to show that L'Oréal is subject to specific jurisdiction. Bare Escentuals cannot satisfy *any* of the following three requirements for the exercise of specific jurisdiction—let alone *all* of them:

> (1) the nonresident defendant must do some act or consummate some transaction within the forum or otherwise purposefully avail itself of the privileges of conducting activities in the forum;
>
> (2) the claim must arise out of or result from the defendant's forum-

---

[3] Bare Escentuals' Complaint invites this Court to "pierce the corporate veil" jurisdictionally. Cmplt., ¶ 7 (alleging that L'Oréal and LUSA "act jointly, and as agents for each other, and have a unity of interest[.]"). But in order to disregard the corporate structure for jurisdictional purposes, Bare Escentuals must make out a prima facie case that (1) there is such unity of interest and ownership that the separate personalities no longer exist, and (2) failure to disregard the separate identities would result in fraud or injustice. *AT&T*, 94 F.3d at 591. Bare Escentuals' boilerplate alter ego allegations in its Complaint of a "unity of interest" and "a common purpose [to] promot[e] cosmetic products" are woefully insufficient to make out a prima facie case. To the contrary, the evidence L'Oréal submits with this motion should lay to rest any concerns that LUSA is merely a corporate shell that acts as the alter ego of L'Oréal. L'Oréal and LUSA maintain separate financials, separates boards of directors, and separate executive managers. Rabinowitz Decl. ¶ 6; Monteiro Decl. ¶ 8. LUSA develops its own marks and advertising. Talley Decl. ¶ 3. Moreover, Bare Escentuals has not, and indeed cannot, demonstrate any fraud or injustice. There is no alter ego case here, let alone a prima facie showing.

---

Case No. C-07-1669 MMC        6        L'ORÉAL S.A.'S MOTION TO DISMISS

related activities; and

(3) the exercise of jurisdiction must be reasonable.

*Doe*, 248 F.3d at 923.

### 1. L'Oréal Has Not Purposefully Availed Itself of the Privileges of the Forum or Purposefully Directed Its Conduct Toward the Forum

Bare Escentuals will not be able to show that L'Oréal purposefully avails itself of the privilege of doing business in the forum. "Purposeful availment . . . requires a finding that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Doe*, 248 F.3d at 924. This requirement "is designed to ensure that a defendant is not subjected to suit in a jurisdiction through random, fortuitous, or attenuated contacts." *AT&T*, 94 F.3d at 590. Courts also analyze "purposeful availment" as "purposeful direction," which is evidenced by an intentional act that is expressly aimed at the forum state. *Schwarzenegger*, 374 F.3d at 797.

L'Oréal has not even availed itself of the benefits of the United States, let alone of California. L'Oréal owns a U.S. subsidiary. But L'Oréal itself conducts no business and maintains no offices in California or in the United States. Monteiro Decl. ¶ 4, 5. L'Oréal does not sell products to U.S. consumers, does not advertise in the United States, and does not maintain any offices or employees in the United States. *Id.* ¶ 4, 7. L'Oréal did not develop or create the advertising at issue. Viguier Decl. ¶ 3; Talley Decl. ¶ 4. L'Oréal has not purposefully availed itself of the "benefits and protections of the laws of the forum." *Pebble Beach*, 453 F.3d at 1155.

Further, the Ninth Circuit has made it clear that a parent–subsidiary relationship is insufficient to provide personal jurisdiction over the parent when the action is really about the conduct of the subsidiary. In *AT&T*, 94 F.3d at 590, the court held that a defendant had not purposefully availed itself of the benefits of the forum even though the defendant held a majority interest in a U.S. company that operated a metal reclamation facility that was the subject of the litigation. The foreign defendant had attended board meetings in the United States and communicated with its U.S. subsidiary, but conducted no business and maintained no offices in

California. The court found that such contacts do not establish purposeful availment. *Id.*

Finally, L'Oréal's application to the USPTO for BARE NATURALE is not sufficient to establish purposeful availment. Merely appearing before the USPTO is insufficient to establish personal jurisdiction. *E. & J. Gallo Winery v. Candelmo*, 192 U.S.P.Q. 210, 212 (D. D.C. 1976) (plaintiff's argument that defendant's filing of an opposition with the USPTO constitutes transacting business in Washington D.C. is "without merit"); *Cardwell v. Investor's Analysis, Inc.*, 620 F. Supp. 1395, 1397 & 1397 n.1 (D. D.C. 1985) (where claim arises from USPTO's decision regarding trademark application, and not from any contacts with the forum, the court may not exercise personal jurisdiction). Indeed, the Ninth Circuit has held that a foreign defendant's listing of stock on various stock exchanges in the United States and promotion of the sale of stock in the United States is insufficient contact for the exercise of personal jurisdiction. *Doe*, 248 F.3d at 922. Nor is the mere filing of a trademark application with the USPTO "purposeful direction" expressly aimed at the forum. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420-21 (9th Cir. 1997) (merely selecting the plaintiff's mark is not purposeful direction for purposes of personal jurisdiction). Thus, L'Oréal's trademark application is insufficient contact to support the exercise of personal jurisdiction. L'Oréal has not purposefully availed itself of the privileges of the forum.

    2.  **The Activities That Give Rise To This Complaint Are LUSA's Activities**

Bare Escentuals' claims do not -- and cannot -- arise from L'Oréal's activities. L'Oréal did not engage in or direct the conduct that Bare Escentuals alleges caused its purported injuries (*i.e.*, the use of BARE NATURALE).

Bare Escentuals' Complaint alleges that: (1) the *use* of BARE NATURALE infringes the "family" of Bare Escentuals' BARE-related marks; and (2) the commercial that aired one time during the Grammy Awards contained allegedly false statements. *See, e.g.*, Cmplt., ¶¶ 13, 22, 33-34. (Defendants "have begun advertising and distributing their new BARE NATURALE mineral-based foundation[]" and "Defendants sponsored a television commercial for their BARE NATURALE mineral-based foundation makeup which contained at least two

1  statements that were materially and literally false, as well as misleading[.]")

2  However, LUSA -- *not* L'Oréal -- developed the BARE NATURALE mark and its
3  associated advertising. Viguier Decl. ¶ 3; Talley Decl. ¶ 4. LUSA -- *not* L'Oréal -- created and
4  sponsored the Grammy Award commercial at issue. Talley Decl. ¶ 4. LUSA -- *not* L'Oréal
5  -- launched the BARE NATURALE product line in the United States. *Id.* ¶ 3. Thus, the
6  conduct that gives rise to Bare Escentuals' claims is *solely* the conduct of LUSA.

7  Bare Escentuals also seeks declaratory relief in the form of a judicial declaration
8  "that Defendants are not entitled to registration of the BARE NATURALE marks and to an order
9  directing the Director of the Patent and Trademark Office to refuse to register the marks and
10 otherwise rectify the register." Cmplt. ¶ 75. But the filing of that trademark application did not
11 trigger this lawsuit; indeed, L'Oréal filed its application more than *two years* before this lawsuit
12 was filed. Viguier Decl. ¶ 4. The conduct primarily at issue in this dispute is the launch of
13 LUSA's BARE NATURALE product line (and its associated advertising) in the United States
14 and the February 2007 Grammy Award commercial -- all of which concern only LUSA's
15 conduct. Moreover, Bare Escentuals filed an opposition to L'Oréal's application to register
16 BARE NATURALE with the Trademark Trial and Appeal Board. Cmplt. ¶ 12. That opposition
17 proceeding is pending. *Id.* L'Oréal's trademark application and Bare Escentuals' opposition
18 thereto, filed before an administrative agency, does not warrant the exercise of personal
19 jurisdiction by a U.S. court. *E. & J. Gallo Winery*, 192 U.S.P.Q. at 212; *Cardwell*, 620 F. Supp.
20 at 1397 & n.1.

21  3.  **The Exercise of Jurisdiction Over L'Oréal Would Not Be Reasonable**

22 The exercise of jurisdiction over L'Oréal in California -- half a world away from
23 its headquarters in France and regarding the conduct of a separate entity -- is unreasonable. Thus,
24 even were jurisdiction otherwise proper (and L'Oréal vigorously maintains it is not), "[t]he bare
25 existence of minimum contacts is not sufficient to allow a court to exercise personal jurisdiction
26 over a defendant." *Doe*, 248 F.3d at 925.

27 The Court must find that the assertion of jurisdiction is reasonable in that it
28 comports with traditional notions of "fair play and substantial justice." *Id.* (citing *International*

*Shoe*, 326 U.S. 326). That analysis requires a balancing of seven factors: (1) the burden on the defendant; (2) the extent of conflict with the sovereignty of the defendant's state; (3) the existence of an alternative forum; (4) the extent of purposeful interjection; (5) the forum state's interest in the dispute; (6) the most efficient forum for judicial resolution of the dispute; and (7) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief. *Amoco Egypt Oil Co.*, 1 F.3d at 852. The jurisdictional barrier is "higher" for foreign defendants than for citizens from a sister state. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993).[4] Here, the factors (individually and collectively) militate against the exercise of jurisdiction.

**Burden On Defendant.** L'Oréal's employees, documents and files are located at its corporate offices in France. Monteiro Decl. ¶ 4. L'Oréal does not maintain any offices and has no employees in the United States. *Id.* The burden on L'Oréal to defend a California action from its offices in France would be "considerable." *Amoco Egypt Oil Co.*, 1 F.3d at 852 (the burden is "considerable" where a defendant has no agent or office in the forum state or in the United States and where potential witnesses and evidence are not located in the forum state or in the United States.)

**Conflict With Sovereignty Of France.** Where "the defendant is from a foreign nation, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Id.* Here, L'Oréal is incorporated and headquartered in France. This action concerns the conduct of L'Oréal's subsidiary, LUSA, which is a named defendant and is subject to personal jurisdiction.

**The Existence Of An Alternative Forum.** Bare Escentuals cannot satisfy its burden of proving the unavailability of an alternative forum. *Id.* at 853. It already has commenced a proceeding before the USPTO on the issue of registration. It may avail itself of the French courts.

**Extent of Purposeful Interjection.** This factor "parallels" the minimum contacts

---

[4] "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Amoco Egypt Oil Co.*, 1 F.3d at 852 (citing *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 114 (1987).

analysis. *Id.* at 852. Here, L'Oréal's lack of purposeful availment also makes the exercise of jurisdiction unreasonable. As discussed above, L'Oréal's only contacts with the forum are its trademark applications and its ownership of a U.S. subsidiary. It does not conduct business in California or in the United States. Monteiro Decl. ¶ 5. It does not sell products to U.S. consumers, does not advertise in the United States, and does not maintain any offices or have employees in the United States. *Id.* ¶ 4, 7. Purposeful interjection in this case is non-existent.

**Forum State's Interest.** California has no interest in a foreign corporation that has no contacts with California or with the United States. *Amoco Egypt Oil Co.*, 1 F.3d at 852. The conduct at issue here -- advertising the BARE NATURALE product line -- was exclusively that of LUSA, not L'Oréal.

**Most Efficient Forum For Judicial Resolution.** It is inefficient to bring this litigation in California against a French company with no contacts or presence in California or even in the United States.

**Convenient and Effective Relief for Plaintiff.** Even if Bare Escentuals succeeded in this litigation against L'Oréal, it is unclear what effective relief Bare Escentuals could obtain from a company that has no presence in the United States.

## IV. CONCLUSION

As detailed above, L'Oréal is not subject to general jurisdiction because it conducts no business and maintains no offices in the forum, and does not sell or market to consumers in the forum. Such lack of contacts falls far short of the "substantial, continuous and systematic contacts" required for the exercise of general jurisdiction. Nor is L'Oréal subject to specific jurisdiction. L'Oréal did not develop the mark or the advertising at issue in this case. L'Oréal has no U.S. presence. It would be unreasonable to exercise jurisdiction over a defendant

//
//
//
//

located half-way around the world in a case arising out of another defendant's U.S. advertising campaign.

DATED: August 31, 2007

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By _____/s/_____
MARK E. MCKEEN

Attorneys for Defendants L'ORÉAL USA, INC. and L'ORÉAL S.A.