IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARE ESCENTUALS BEAUTY, INC., | No. C-07-1669 MMC |
| Plaintiff, | **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING IN PART PLAINTIFF'S MOTION TO SEAL; DIRECTIONS TO PLAINTIFF; DIRECTIONS TO DEFENDANTS** |
| v. | |
| L'OREAL USA, INC., et al., | |
| Defendants. | |

Before the Court is plaintiff's "Motion to File Papers Under Seal," filed April 4, 2008, by which plaintiff seeks to file under seal Exhibits F through R and Exhibits AA and BB to the Declaration of Joseph M. Morris in Support of Plaintiff Bare Escentuals' Opposition to L'Oréal S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Morris Declaration"), as well as those portions of plaintiff's opposition in which plaintiff refers to such Exhibits, such Exhibits having been designated as either "confidential" or "highly confidential" by defendants. Having reviewed the motion and the Declaration of Jose Monteiro offered by defendants in support thereof, the Court rules as follows:

1. To the extent plaintiff seeks leave to file under seal Exhibits I, O, P, Q, AA, and BB, the motion is hereby GRANTED, and the Clerk is directed to file under seal unredacted versions of said Exhibits.

2. To the extent plaintiff seeks leave to file under seal Exhibits F, G, H, J, L, M, N, and R, the motion is hereby DENIED, for the reason that defendants' responsive declaration does not seek to substantiate the filing of such Exhibits under seal, nor have defendants filed any other declaration addressing such Exhibits. See Civil L.R. 79-5(d) (providing that, if the designating party does not file, within five days of filing of motion for sealing order, "a declaration establishing that the designated information is sealable," the proposed filings "will be made part of the public record"). Plaintiff is hereby DIRECTED to file in the public record, no later than April 18, 2008, Exhibits F, G, H, J, L, M, N, and R to the Morris Declaration. If plaintiff fails to timely file such exhibits in the public record, the Court will not consider them in ruling on defendant L'Oréal S.A.'s motion to dismiss.

3. With respect to Exhibit K, defendants have not shown the entirety of such exhibit is confidential, and portions thereof plainly are not. (See, e.g., Morris Decl. Ex. K at 2:23-26, 3:20-4:13 (listing names of L'Oréal S.A.'s employees who "participated in, received, or observed any communications regarding the BARE NATURALE mark").[1] A party may not designate an entire document as confidential when only part of the document contains confidential information. See Civil L.R. 79-5(a) (providing request to file document under seal "must be narrowly tailored to seek sealing only of sealable material").[2] Accordingly, the Court will defer ruling on the motion with respect to Exhibit K, to afford defendants the opportunity to file, no later than April 18, 2008, a supplemental declaration identifying with particularity the portions thereof that defendants claim are subject to sealing and the reason(s) therefor.

**IT IS SO ORDERED.**

Dated: April 15, 2008

MAXINE M. CHESNEY
United States District Judge

---

[1] This example is provided for illustrative purposes only, and is not intended to set forth all of the material that appears to be of a nonconfidential nature.

[2] Plaintiff represents, and defendants have not disputed, that defendants designated the entirety of the subject exhibit as confidential.