IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARE ESCENTUALS BEAUTY, INC., | No. C-07-1669 MMC |
| Plaintiff, | **ORDER DENYING IN PART PLAINTIFF'S MOTION TO SEAL; DIRECTIONS TO PLAINTIFF** |
| v. | |
| L'OREAL USA, INC., et al., | |
| Defendants. | |

On April 15, 2008, the Court deferred ruling, in part, on plaintiff's "Motion to File Papers Under Seal," specifically, with respect to Exhibit K to the Declaration of Joseph M. Morris in Support of Plaintiff Bare Escentuals' Opposition to L'Oréal S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Morris Declaration"), which Exhibit was designated as "highly confidential" by defendants. (See Order Granting in Part, Denying in Part, and Deferring in Part Plaintiff's Motion to Seal at 2:17-21.) The Court observed that portions of Exhibit K were plainly not confidential, and afforded defendants the opportunity to file a supplemental declaration identifying with particularity the portions thereof that defendants claim are subject to sealing and the reason(s) therefor.[1] (See id.)

On April 16, 2008, defendants filed the Supplemental Declaration of Jose Monteiro,

---
[1] The Declaration of Jose Monteiro, submitted by defendants pursuant to Civil Local Rule 79-5(d) in support of their designation of Exhibit K, among other Exhibits, as "confidential" or "highly confidential," failed to specify those portions of Exhibit K that defendants sought to have filed under seal.

in which defendants request "the identities of the travelers contained within Exhibit K" be filed under seal for the asserted reason that "this specific information contains extremely sensitive personal, operations [sic] and strategic information constituting research, development and trade secret information." (See Supp. Monteiro Decl. at 1:19-22.) Other than such general assertion, which closely resembles the assertion offered in the initial declaration submitted by defendants, (see Monteiro Decl. at 1:12-13 (stating designated exhibits, including Exhibit K, contain "extremely sensitive personal, operational and strategic information")), defendants fail to provide any explanation as to how the "travelers' identities," (see Supp. Monteiro Decl. at 1:23), constitute trade secret or otherwise sealable information, see Civil L.R. 79-5(a) (providing request to seal must "establish[ ] that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law").

Accordingly, to the extent plaintiff seeks to file under seal Exhibit K, the motion to seal is hereby DENIED, for the reason that neither defendants' initial nor supplemental declaration substantiates the filing of such exhibit under seal. Plaintiff is hereby DIRECTED to file in the public record, no later than April 21, 2008, Exhibit K to the Morris Declaration. If plaintiff fails to timely file such exhibit in the public record, the Court will not consider it in ruling on defendant L'Oréal S.A.'s motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 17, 2008

MAXINE M. CHESNEY
United States District Judge