IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARE ESCENTUALS BEAUTY, INC., | No. C-07-1669 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT L'OREAL S.A.'S MOTION FOR RECONSIDERATION; DISMISSING DEFENDANT L'OREAL S.A.** |
| v. | |
| L'OREAL USA, INC., et al., | |
| Defendants. | |

Before the Court is the motion filed May 30, 2008 by defendant L'Oreal S.A., for reconsideration of the Court's order of May 2, 2008, by which the Court denied L'Oreal S.A.'s motion to dismiss for lack of personal jurisdiction (hereafter "May 2, 2008 Order"). The motion for reconsideration came on regularly for hearing on July 11, 2008. Andrew P. Bridges and Jennifer A. Golinveaux of Winston & Strawn LLP appeared on behalf of plaintiff. Robert L. Sherman of Paul, Hastings, Janofsky & Walker LLP appeared on behalf of defendants. Subsequent to such hearing, the Court permitted L'Oreal S.A. to file a supplemental declaration and plaintiff to file a response thereto. Having considered the papers filed in support of and in opposition to the motion, as well as the arguments of counsel, the Court rules as follows.

L'Oreal S.A. seeks reconsideration of the Court's May 2, 2008 order based on a

material difference in fact[1] from that which was presented to the Court at the May 2, 2008 hearing on L'Oreal S.A.'s motion to dismiss, specifically, a material difference of fact that impacts the "reasonableness" prong of the jurisdictional analysis conducted by the Court. See, e.g., Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (holding, where plaintiff satisfies first two prongs of three-part test for purposes of specific jurisdiction, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable") (internal quotation and citation omitted).

In particular, L'Oreal S.A. contends that, contrary to representations made at the May 2, 2008 hearing, plaintiff may obtain complete relief in this forum without L'Oreal S.A.'s presence in the action. In support thereof, L'Oreal S.A. argues that it previously stipulated, in United States Patent and Trademark Office proceedings on plaintiff's application to register the trademark at issue herein, to be bound by this Court's finding on the issue of confusion. (See Mot. for Recons. at 7; see also Decl. of Robert L. Sherman Ex. A ("Consented Motion" filed by plaintiff before Trademark Trial and Appeal Board ("TTAB")).)

At the July 11, 2008 hearing on the motion to reconsider, the Court discussed three issues raised by such stipulation.[2] First, the Consented Motion on which L'Oreal S.A. relies appears not to require L'Oreal S.A. to withdraw its application for registration of the subject trademark upon a finding of infringement in the instant action. (See, e.g., Tr. of Proceedings on July 11, 2008 (hereafter "Tr.") at 8:16-9:12.) Second, the stipulation fails to provide for the injunctive relief sought by plaintiff, specifically, enjoining L'Oreal S.A. from licensing the mark to any other entity. (See, e.g., id. at 28:3-6.) Third, the stipulation fails to indicate the existence of a forum in which such stipulation could be enforced. (See id. at

---

[1] To the extent L'Oreal S.A. also seeks reconsideration based on legal arguments raised in its original motion to dismiss, the Court finds such arguments unpersuasive for the reasons stated on the record at the May 2, 2008 hearing on the motion to dismiss. (See generally Decl. of Robert L. Sherman in Support of Def. L'Oreal S.A.'s Mot. for Recons. Ex. C (Tr. of Proceedings on May 2, 2008).)

[2] The Court accepts, for purposes of the instant motion, defense counsel's assertion, which assertion was not disputed by plaintiff's counsel, that, where there is a prior agreement between the parties, a "Consented Motion" is deemed by the TTAB to be a stipulation. (See Tr. of Proceedings on July 11, 2008 at 10:4-10.)

36:23-37:22.)

With respect to the first two of the above-referenced issues, counsel for L'Oreal S.A. represented to the Court, at the July 11, 2008 hearing, that if, "after appeal [ ] there is a finding of infringement, then L'Oreal [S.A.] will stipulate that its application for registration should be denied," (see id. at 10:19-21), and that L'Oreal S.A. is "willing to have any finding of likelihood of confusion [in the instant action] bar [its] registration at the TTAB, and [it] would withdraw that application [for registration]," (see id. at 45:10-14); counsel for L'Oreal S.A. further represented that L'Oreal S.A. "will abide by the scope of any final injunction that issues, plus will agree not to license the mark contrary to the injunction," (see id. at 35:18-21). With respect to the third potential issue, counsel for L'Oreal S.A. stated that his "inclination is to agree to this Court's jurisdiction for that limited purpose [of enforcing the agreement]," (see id. at 46:1-5), but that client approval was necessary to commit L'Oreal S.A. to such jurisdiction, (see id.). Consequently, the Court afforded L'Oreal S.A. the opportunity to file a supplemental declaration setting forth the terms to which L'Oreal S.A. would agree to be bound, and afforded plaintiff the opportunity to respond to such supplemental declaration.

Thereafter, in a Supplemental Declaration filed July 15, 2008 ("Supplemental Declaration"), L'Oreal S.A.'s Chief Trademark Counsel Jose Monteiro represents, inter alia, that L'Oreal S.A. agrees, "should there be a final determination of likelihood of confusion by this Court, after all appeals have been exhausted," it "will withdraw its [pending] trademark applications," "will abide by the terms of any injunction that issues against L'Oreal USA, as if it were a party, and will not itself use or license any third party in the United States to use the mark BARE NATURALE in a manner inconsistent with the terms of any such injunction," said commitments to endure "as long as plaintiff does not abandon . . . the [subject] trademark(s)," and "that this Court shall have jurisdiction over L'Oreal [S.A.] for the sole purpose of enforcing the commitments made in [the] declaration." (See Supp. Decl. of Jose Monteiro ¶¶ 3-6.)

On July 22, 2008, plaintiff filed its response to the Supplemental Declaration, in

1 which response plaintiff argues that it would be more difficult for plaintiff to obtain discovery
2 from L'Oreal S.A. if such entity were not a party, and that the scope of the trial as to both
3 liability and damages would be more limited if L'Oreal S.A. were not a party.  With respect
4 to plaintiff's argument that it would be more difficult to obtain discovery from L'Oreal S.A.,
5 plaintiff fails to provide legal authority, and the Court has located none, to support plaintiff's
6 contention that discovery concerns are a factor in the Court's jurisdictional analysis.
7 Further, assuming, arguendo, such discovery concerns are a cognizable factor with respect
8 to personal jurisdiction, plaintiff has not shown it would be unable to obtain adequate
9 discovery from L'Oreal S.A. irrespective of party status; rather, plaintiff indicates it may be
10 more difficult to do so.  With respect to plaintiff's argument that its ability to recover
11 damages would be limited by L'Oreal S.A.'s absence, plaintiff has failed to suggest, much
12 less provide evidence in support thereof, that, in the event plaintiff were to prevail at trial, it
13 could not recover from defendant L'Oreal U.S.A. damages sufficient to make plaintiff whole.
14      In its response, plaintiff further argues that, were there a finding of infringement by
15 this Court and L'Oreal S.A. subsequently were to withdraw its trademark application,
16 L'Oreal S.A. fails to specify that such withdrawal would be with prejudice, and that it would
17 refrain from filing a new application in the future.  Additionally, plaintiff contends that, in the
18 event an injunction is entered, L'Oreal S.A. would not be subject to enforcement through
19 contempt proceedings for a violation of the terms of such injunction.  With respect to the
20 first of such concerns, the Court finds the ordinary meaning of L'Oreal S.A.'s
21 "commitments" is that, in the event this Court finds a likelihood of confusion, L'Oreal S.A.,
22 after exhausting its appeals, and provided plaintiff does not abandon its own marks at issue
23 herein, will not pursue registration of the subject mark in the future.  (See Supp. Decl. of
24 Jose Monteiro ¶¶ 3-5.)  Further, with respect to plaintiff's latter concern, the Court interprets
25 L'Oreal S.A.'s agreement to submit to this Court's jurisdiction for the "purpose of enforcing
26 [its] commitments," (see id. ¶ 6), to include enforcement by means of the Court's contempt
27
28

4

powers.[3]

In light of the foregoing, the Court finds L'Oreal S.A. has demonstrated, through its representations at the July 11, 2008 hearing and in the Supplemental Declaration, that plaintiff will be able to obtain "convenient and effective" relief in this forum, see Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc., 1 F.3d 848, 851 (9th Cir. 1993) (listing factors to be balanced in determining "reasonableness" for purposes of jurisdictional analysis), irrespective of whether L'Oreal S.A. is a party to the action. Plaintiff's ability to obtain complete relief without L'Oreal S.A.'s presence as a party weighs heavily in the balance with respect to the Court's determination of whether its exercising jurisdiction over L'Oreal S.A. is reasonable, and weighs in favor of dismissal.

Such finding necessitates reevaluation of the "reasonableness" prong of the jurisdictional analysis and the balancing of the factors relevant thereto. Those factors are:

> "[1] the extent of purposeful interjection, [2] the burden on the defendant to defend the suit in the chosen forum, [3] the extent of conflict with the sovereignty of the defendant's state, [4] the forum state's interest in the dispute; [5] the most efficient forum for judicial resolution of the dispute; [6] the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and [7] the existence of an alternative forum."

See Amoco Egypt Oil Co., 1 F.3d at 851.

When the Court weighed each of the factors at the May 2, 2008 hearing on L'Oreal S.A.'s motion to dismiss, the Court found the first two factors, specifically, the extent of purposeful interjection and the burden of defending the suit in this forum, weighed against a finding of reasonableness. (See Decl. of Robert L. Sherman in Support of Def. L'Oreal S.A.'s Mot. for Recons. Ex. C (Tr. of Proceedings on May 2, 2008) at 70:23-71:15.) The Court found the fourth, fifth, and sixth factors, specifically, the forum state's interest in the dispute, the most efficient forum for judicial resolution, and plaintiff's interest in convenient and effective relief, weighed in favor of a finding of reasonableness. (See id. at 71:20-72:11.) Significantly, with respect to the fifth and sixth factors, the Court's ruling was based

---

[3] In the event that L'Oreal S.A. disagrees, in any respect, with the Court's interpretation of the Supplemental Declaration, L'Oreal S.A. is hereby directed to file, in writing and no later than September 5, 2008, a notice of such disagreement.

on plaintiff's assertion that L'Oreal S.A.'s presence in the case was necessary "as a practical matter, [in order to obtain] relief on all of their claims."  (See id.)[4]  At that time, and based on the evidence and arguments then before the Court, the Court ruled that L'Oreal S.A. had not met its burden of demonstrating the exercise of jurisdiction would be unreasonable.  (See id. at 72:17-20.)

Upon reconsideration, the Court reassesses its previous balancing of the relevant factors, in light of the Court's finding herein that plaintiff may obtain "convenient and effective" relief in this forum without the Court's exercising jurisdiction over L'Oreal S.A.  In that regard, the Court finds two factors it previously considered to weigh in favor of reasonableness, specifically, the most efficient forum for judicial resolution and plaintiff's interest in convenient and effective relief, no longer weigh in favor of a finding of reasonableness.  Further, the Court considers each such factor to be of particular importance relative to the other factors, with the effect that the balance tips significantly in favor of dismissal.  Under such circumstances, the Court finds L'Oreal S.A. has presented a "compelling case," see Schwarzenegger, 374 F.3d at 802, that the exercise of jurisdiction over L'Oreal S.A. would not be reasonable.

Accordingly, L'Oreal S.A.'s motion for reconsideration is hereby GRANTED; L'Oreal S.A.'s motion to dismiss is hereby GRANTED; and plaintiff's complaint as against L'Oreal S.A. is hereby DISMISSED without prejudice, for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: August 29, 2008

MAXINE M. CHESNEY
United States District Judge

---

[4] The Court found the third and seventh factors, specifically, the extent of conflict with a foreign sovereign and the existence of an alternative forum, to be neutral.  (See, e.g., id. at 71:16-20, 72:9-17.)

6